**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION**

| | |
|---|---|
| **NITRO ELECTRIC COMPANY, INC.,**<br><br>  Plaintiff,<br><br>v.<br><br>**ALTIVIA PETROCHEMICALS, LLC**<br><br>  Defendant. | Civil Action No. 3:17-cv-02412 |

**COMPLAINT**

COMES NOW, Plaintiff Nitro Electric Company, Inc., by and through its undersigned counsel, and files this Complaint against Defendant ALTIVIA Petrochemicals, LLC alleging as follows:

**PARTIES**

1)   Plaintiff Nitro Electric Company, Inc. ("NITRO") is a West Virginia corporation having its principal place of business at 4300 First Avenue, Nitro, West Virginia 25143.

2)   Upon information and belief, Defendant ALTIVIA Petrochemicals, LLC ("ALTIVIA") is a Delaware limited liability company having its principal place of business at 1100 Louisiana Street, Suite 4800, Houston, Texas 77002. Upon information and belief, no members of ALTIVIA are domiciled in the State of West Virginia.

**JURISDICTION AND VENUE**

3)   In the Secured Promissory Note at issue, as described below, ALTIVIA agreed that jurisdiction and venue for breach of said Secured Promissory Note shall be in this Court. Therefore, this Court has personal jurisdiction over ALTIVIA, and venue is proper in this Court.

4)	This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and because there is complete diversity of citizenship between NITRO and ALTIVIA.

## STATEMENT OF FACTS

5)	On April 7, 2015, NITRO entered into a Secured Promissory Note with Haverhill Chemicals LLC ("Haverhill").  (A true and correct copy of the Secured Promissory Note is attached hereto as Exhibit A.)

6)	In the Secured Promissory Note, Haverhill agreed to pay NITRO the principal sum of $225,000.00 for two York Centrifugal Chillers.  Haverhill was to pay to NITRO a down payment of $25,000.00 and thirty-five consecutive monthly installments of principal and interest in the amount of $6,084.39 beginning on or before May 1, 2015, and continuing on the first day of each month through April 7, 2018.  (Secured Promissory Note, Exhibit A, p. 1.)

7)	On September 18, 2015, Haverhill filed a petition for bankruptcy in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") and entered into an Asset Purchase Agreement with ALTIVIA, subject to approval of the Bankruptcy Court. The Bankruptcy Court approved the Asset Purchase Agreement by order dated November 2, 2015,[1] which made the Asset Purchase Agreement binding upon ALTIVIA.

8)	Under the terms of the Asset Purchase Agreement, ALTIVIA agreed to expressly assume a substantial portion of Haverhill's liabilities, including Haverhill's duties, obligations,

---

[1] This order is located at Docket No. 144, Case No. 15-bk-34918, in the United States Bankruptcy Court for the Southern District of Texas.

and liabilities under the Secured Promissory Note. (A true and correct copy of the Asset Purchase Agreement is attached hereto as Exhibit B.)

9) Specifically, under the Asset Purchase Agreement, ALTIVIA agreed to expressly assume the following liabilities, among others:

> (b)  all Liabilities arising in connection with the use and operation of the Leased Property and Owned Real Property from and after the Closing;
>
> * * *
>
> (d)  all Liabilities relating to or arising from the Acquired Assets or the operation of the Business relating to or arising from the period commencing on or after the Closing Date; [and]
>
> * * *
>
> (h)  **the obligation to pay that certain promissory note [Secured Promissory Note] dated April 7, 2015 by Seller [Haverhill] to the order of Nitro Electric Company Inc.**

(Asset Purchase Agreement, Exhibit B, p. 6) (emphasis added).

10) Notwithstanding that ALTIVIA expressly assumed Haverhill's liability for the Secured Promissory Note, ALTIVIA has failed to make any payment to NITRO.

11) Pursuant to Section 6.1 of the Secured Promissory Note, ALTIVIA's failure to make a single payment constitutes an "Event of Default":

> **6.1 EVENTS OF DEFAULT**
>
> Each of the following constitutes an "Event of Default" under this note: (i) the Borrower's [ALTIVIA's] failure to make any payment when due under the terms of this note, including the final payment due under this note when fully amortized. . . .

(Secured Promissory Noted, Exhibit A, p. 2.)

12) Pursuant to Section 7.1 of the Secured Promissory Note, this Event of Default resulted in all principal and other amounts owing under the note becoming immediately due and payable:

> **7.1 ACCELERATION; REMEDIES OF DEFAULT**
>
> If any Event of Default occurs, all principal and other amounts owed under the note will become immediately due and payable without any action by the Holder, the Borrower, or any other person. The Holder [NITRO], in addition to any rights and remedies available to the Holder [NITRO] under this note, may, in its sole discretion, pursue any legal or equitable remedies available to it under applicable law or equity. . . .

(Secured Promissory Note, Exhibit A, p. 2.)

13) NITRO has provided notice to ALTIVIA that it is in default of its payment obligations under the Secured Promissory Note, however, ALTIVIA has not made any effort to cure its default.

14) Accordingly, because an Event of Default has occurred and the amounts owing on the Secured Promissory Note have been accelerated, NITRO is entitled to immediate payment of all principal and other amounts owed and due under the Secured Promissory Note.

## COUNT I
(Breach of Secured Promissory Note)

15) NITRO incorporates by reference, as if fully set forth herein, the allegations contained in paragraphs 1-14 of the Complaint.

16) The Secured Promissory Note constitutes a valid and enforceable contract between NITRO and ALTIVIA.

17) NITRO has fully and completely performed its obligations under the Secured Promissory Note. Any and all conditions precedent to ALTIVIA's performance of its payment obligations under the Secured Promissory Note have been satisfied.

18) ALTIVIA has failed to make the required payments to NITRO under the terms of the Secured Promissory Note, and is thereby in breach of the Secured Promissory Note.

19) As a result of ALTIVIA's breach of the Secured Promissory Note, and pursuant to the terms of the Secured Promissory Note, all remaining payments under the Secured Promissory Note are now immediately due and payable.

20) As a result of ALTIVIA's breach and default, ALTIVIA is indebted to NITRO in the amount of Two Hundred Fifty-One Thousand Five Hundred Forty Dollars and Ninety Cents ($251,540.90) as of April 1, 2017.  Under the terms of the Secured Promissory Note, interest continues to accrue monthly at the annual percentage rate of six percent.

21) As a result of ALTIVIA's breach and default, ALTIVIA is required to pay NITRO's attorney's fees and court costs incurred in the collection of ALTIVIA's indebtedness, in addition to all other amounts due.

22) As a direct and proximate result of ALTIVIA's breach and default, NITRO has been and continues to be damaged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Nitro Electric Company, Inc. respectfully demands judgment against Defendant ALTIVIA Petrochemicals, LLC for the following relief:

    a) An award of all amounts owed to NITRO under the terms of the Secured Promissory Note;

    b) An award of prejudgment interest;

    c) An award of all costs and expenses, including, but not limited to, attorneys' fees and court costs, incurred by NITRO in this action; and

      d)      Such other and further relief against ALTIVIA as this Court may deem just and proper.

Dated: April 20, 2017                              Respectfully submitted:

                                                        __/s/ Daniel J. Cohn_____
Julia A. Chincheck (WV Bar No. 718)
Daniel J. Cohn (WV Bar No. 11916)
BOWLES RICE LLP
600 Quarrier St.
Charleston, WV 25301
Telephone: (304) 347-1100
Facsimile: (304) 343-3058
jchincheck@bowlesrice.com
dcohn@bowlesrice.com

and

Brian G. Corgan
Georgia Bar No. 187700*
Ethan M. Knott
Georgia Bar No. 737481*
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309-4528
Telephone: 404-815-6217
Facsimile: 404-541-3163
bcorgan@kilpatricktownsend.com
eknott@kilpatricktownsend.com

*Pro Hac Vice Application Forthcoming*

ATTORNEYS FOR NITRO ELECTRIC COMPANY, INC.