# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

NITRO ELECTRIC COMPANY, INC.,

    Plaintiff,

v.                                                              CIVIL ACTION NO. 3:17-2412

ALTIVIA PETROCHEMICALS, LLC,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Currently pending before the Court is Defendant's Motion to Dismiss. ECF. No. 12. For the reasons stated herein, Defendant's motion is **DENIED**. The Court finds that there are sufficient grounds to exercise personal jurisdiction over Defendant in the present matter.[1]

**I.    Background**

On April 7, 2015, Plaintiff and Haverhill Chemicals LLC ("Haverhill") entered into a Secured Promissory Note ("Note") in which Haverhill "agreed to pay Plaintiff the principal sum of $225,000.00 for two York Centrifugal Chillers." ECF No. 1. The Note specified a repayment plan for the sum and noted a six percent interest rate over a payment period of 35 months. ECF No. 1-1.

On September 18, 2015, after filing a petition for bankruptcy, Haverhill entered into an Asset Purchase Agreement with Defendant. ECF Nos. 1, 1-2. Pursuant to the Asset Purchase Agreement, Defendant agreed to "assume and pay, perform and discharge when due and otherwise

---

[1] As the Court finds a sufficient basis for personal jurisdiction, the Court's Order entered provisionally on December 11, 2017, ECF No. 21, will now take effect.

in accordance with the terms of [the Asset Purchase Agreement] . . . the obligation to pay that certain promissory note dated April 7, 2015 by [Haverhill] payable to the order of [Plaintiff]." ECF No. 1-2. In its Complaint, Plaintiff alleges that Defendant expressly assumed Haverhill's liability for the Note by virtue of the Asset Purchase Agreement and that Defendant has failed to make any payments to Plaintiff pursuant to the Note. ECF No. 1.

As a result of Defendant's failure to pay, Plaintiff filed the present action on April 20, 2017. ECF No. 1. Plaintiff asserts a single claim for breach of contract in its complaint, alleging that Defendant has breached its obligations under the Note. ECF No. 1. In its prayer for relief, Plaintiff requests that the Court order Defendant to pay Plaintiff "all amounts owed to [Plaintiff] under the terms of the Secured Note" in addition to prejudgment interest and costs and expenses. ECF No. 1.

Rather than answering Plaintiff's Complaint, Defendant filed the present Motion to Dismiss claiming that this Court lacks personal jurisdiction over it. ECF No. 12. In its motion, Defendant asserts that it has "no affiliation with West Virginia that would permit a West Virginia Court to exercise personal jurisdiction." ECF No. 12. Defendant further asserts that it was not a party to the Note and that therefore the Note cannot be used as basis for the Court's exercise of personal jurisdiction. ECF No. 12.

## II. Personal Jurisdiction Requirements

Defendant claims that this Court does not have personal jurisdiction over it because: (1) Plaintiff has failed to meet its burden of proof regarding jurisdiction; (2) this Court does not have general or specific jurisdiction over Defendant; (3) the Note's forum-selection clause does not apply to Defendant; and (4) the Note is void due to a failed attempt at assignment. ECF No. 13.

There are three primary ways a party may be properly subject to the personal jurisdiction

of a given court: explicit consent, presence within the jurisdiction, and citizenship or domicile. *J.McIntyre Machinery, Ltd. V. Nicastro*, 564 U.S. 873, 880 (2011). Consent to personal jurisdiction in a given forum may be evidenced by the inclusion of a forum-selection clause in an enforceable contract. Beverly Reid O'Connell & Karen L. Stevenson, *Rutter Group Prac. Guide: Federal Civ. Pro. Before Trial – National Edition* 3-29 (The Rutter Group, 2017). Though Defendant argues that it has not had sufficient "minimum contacts" with this jurisdiction such that the exercise of personal jurisdiction would be proper, ECF No. 13, "[l]ocal courts can exercise personal jurisdiction over nonresidents who consent to local personal jurisdiction regardless of 'minimum contacts.'" O'Connell & Karen L. Stevenson, *supra*, at 3-29.

As the Fourth Circuit has recognized, "[P]arties may agree in advance to submit controversies arising out of their contract to the jurisdiction of a given court." *Mercury Coal & Coke, Inc. v. Mannesmann Pipe & Steel Corp.*, 696 F.2d 315, 317 (4th Cir. 1982). While both Plaintiff and Defendant present a multitude of arguments for different grounds on which the Court should or should not find personal jurisdiction over Defendant, the Court determines that the question may be resolved exclusively on the grounds of consent to personal jurisdiction. As such, the Court does not reach the parties' other arguments at this time.

### III. Choice of Law

The Note on which Plaintiff bases its present claim of breach of contract includes the following language: "Both parties consent to the personal jurisdiction of the state and federal courts in Putnam County, West Virginia." ECF No. 1-1. Consent to personal jurisdiction in this case rests on the forum-selection clause contained in the Note. ECF No. 1-1. As such, the Court must determine what law applies specifically to the interpretation of the Note's forum-selection clause.

Defendant argues that the Court should look to the Governing Law and Jurisdiction clauses of the Asset Purchase Agreement executed between Defendant and Haverhill, ECF No. 1-2, to determine proper choice of law and forum for the present litigation. The Court notes, however, that Plaintiff's claim is for breach of the Note, not breach of the Asset Purchase Agreement. Accordingly, the Court will look to the language of the Note in its analysis of Defendant's Motion to Dismiss. The Court will determine, from that language, what law to apply in its interpretation of the Note's forum-selection clause.

This choice of law issue has led to a split in circuit court authority. *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 827 (6th Cir. 2009). In the Fourth Circuit, a federal court must apply federal law when interpreting a forum-selection clause unless there is a valid choice-of-law provision in the agreement being interpreted. *Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 650–51 (4th Cir. 2010). Where there is a valid choice-of-law provision, "a court must honor the forum selection clause 'as construed under the law specified in the agreement's choice-of-law provision.'" *Id.* (quoting *Yavuz v. 51 MM, Ltd.*, 465 F.3d 418, 430 (10th Cir. 2006)). *See also Bryant Elec. Co, Inc. v. City of Fredericksburg*, 762 F.2d 1192, 1196 (4th Cir. 1985) (applying state law in consideration of a contract that included a forum-selection provision designating a specific state court as the forum for disputes arising from the contract).

The Note includes the following language: "The laws of the state of West Virginia govern this note (without giving effect to its conflicts of law principles)." ECF No. 1-1. The West Virginia Supreme Court has held that a choice of law provision should be upheld unless (1) "the chosen state has no substantial relationship to the parties or the transaction," or (2) "application of the law of the chosen state would be contrary to a fundamental public policy of the state whose law would apply in the absence of a choice of laws provision." *General Elec. Co. v. Keyser*, 275 S.E.2d 289,

293 (W.Va. 1981).

Plaintiff, a party to the Note, is a West Virginia corporation. Additionally, the Note specifies that payment is to be made to Plaintiff in Nitro, West Virginia. Accordingly, the Court finds that West Virginia has a substantial relationship to the parties and the transaction. Not finding any public policy concerns in the application of West Virginia law to this contract, the Court finds that the Note's choice of law provision is valid. Given the valid choice of law provision, then, the Court will apply West Virginia state law to analyze Defendant's Motion to Dismiss.

### IV. Burden of Proof

In West Virginia, "the party asserting jurisdiction need only make a prima facie showing of personal jurisdiction in order to survive [a] motion to dismiss." *Bowers v. Wurzburg*, 501 S.E.2d 479, 485 (W.Va. 1998). In determining whether the nonmoving party has met its burden of proof, "the court must view the allegations in the light most favorable to such party, drawing all inferences in favor of jurisdiction." *Id*. Therefore, Plaintiff need only make a prima facie showing of personal jurisdiction by consent in this case. This threshold is lower than preponderance of the evidence requirements. *See id.* Bearing this in mind, the Court turns to analyze the validity of the Note's forum-selection clause under West Virginia state law.

### V. Forum Selection Clause

Forum-selection clauses are generally enforceable so long as they are not unfair or unreasonable. *Caperton v. A.T. Massey Coal Co., Inc.*, 690 S.E.2d 322, 335 (W.Va. 2009). Mandatory forum-selection clauses, if properly communicated to the party resisting enforcement, are even presumptively enforceable. *Id. See also Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 591 (1991) ("[A] forum clause should control absent a strong showing that it should be set aside."); *Atlantic Marin Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 134 S. Ct. 568, 581

(2013) ("[A] valid forum selection clause should be given controlling weight in all but the most exceptional cases."); *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972) (forum-selection clauses are presumptively valid) (internal quotations and citation omitted).

There are two types of forum-selection clauses, and the strength of the presumption of validity depends on the classification of the clause. *Caperton*, 690 S.E.2d at 337. "A mandatory forum-selection clause contains clear language indicating that jurisdiction is appropriate *only* in a designated forum. A permissive forum-selection clause authorizes litigation in a designated forum, but does not prohibit litigation elsewhere." *Id*. (internal quotations and citation omitted) (emphasis added). A mandatory forum-selection clause most often includes words such as "shall" or "must." *Id*. at 338. Permissive forum-selection clauses, on the other hand, often use language such as "may." *Id*. While mandatory forum-selection clauses call for a strong presumption of enforceability, *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 386 (2d Cir. 2007), permissive forum-selection clauses are not entitled to the same.

In the Note presently before the Court, the forum-selection clause is not mandatory. It does not include any mandatory language and there is nothing else in the agreement that indicates that the parties to the Note intended West Virginia to be an exclusive forum for disputes arising from the contract. The forum-selection clause is, however, permissive. It establishes that "[b]oth parties consent to the personal jurisdiction of the state and federal courts in Putnam County, West Virginia." ECF No. 1-1.

While not entitled to the same presumption of enforceability as a mandatory forum-selection clause, a permissive forum-selection clause "indicates the contracting parties' consent to resolve their dispute in a given forum." *Caperton*, 690 S.E.2d at 338 (internal quotation and citation omitted). *See also Phillips*, 494 F.3d at 386 (ruling that a permissive forum-selection

clause "confers jurisdiction in the designated forum" even though it does not "deny plaintiff his choice of forum, if jurisdiction there is otherwise appropriate."). While a permissive forum-selection clause leaves a plaintiff with options as to where to bring his case, it also "provid[es] a plaintiff with a guaranteed forum" to litigate his claims relating to a contract. *AVC Nederland B.V. v. Atrium Inv. P'ship*, 740 F.2d 148, 155 (2d Cir. 1984).

Even though the forum-selection clause in the Note is permissive and Plaintiff could properly bring its claims against Defendant in another jurisdiction where Defendant is subject to personal jurisdiction, Plaintiff has chosen to bring its claims in this Court. By virtue of the forum-selection clause, Haverhill and Plaintiff expressly submitted to personal jurisdiction in the courts of West Virginia. The Court finds that this consent to jurisdiction was valid and enforceable. Had Plaintiff brought this claim for breach of the Note against the original contracting debtor, Haverhill, the Court could have properly exercised personal jurisdiction over Haverhill due to its consent to personal jurisdiction in the forum-selection clause. So, then, the Court must determine whether Defendant is closely related to Haverhill and the Note in such a way that the Court may properly exercise personal jurisdiction over Defendant on the basis of Haverhill's consent.

## VI.    Assignment Doctrine

While the Court finds that Haverhill's submission to personal jurisdiction was enforceable, Defendant nevertheless argues that it should not be subject to personal jurisdiction here because it was not a party to the Note and has no contractual relationship with Plaintiff. ECF No. 18. Before reaching these substantive arguments, the Court notes that there is a difference between corporate successorship law and contract assignment law. Both parties conflated these concepts in their respective briefing. As the Court finds that there is a sufficient basis to exercise personal jurisdiction over Defendant on the grounds of contract assignment law, it does not reach the

parties' arguments as they relate to corporate successorship.

As a preliminary matter, a party need not actually sign a contract in order for that party to be subject to the agreement's forum-selection clause. *Caperton*, 690 S.E.2d at 347. In fact, to be subject to an agreement's forum-selection clause, a non-signatory need only be "closely related to the dispute such that it becomes foreseeable that the non-signatory may . . . be subject to the forum selection clause." *Id*.

In considering this requirement, the Court turns to a review of West Virginia's contract assignment law. In West Virginia, an assignee "steps into the shoes of the assignor . . ." *Cook v. E. Gas & Fuel Assoc.*, 39 S.E.3d 321, 326 (W.Va. 1946). "[T]he assignee takes subject to all the defenses and all the equities which could have been set up against . . . the assignor at the time of the assignment." *Cook*, 39 S.E.2d at 327. *See also Lightner v. Lightner*, 124 S.E.2d 355, 362 (W.Va. 1962); *Phoenix Petroleum Co. v. St. Mary's Refining Co.*, 2005 WL 3535159, at *13 (N.D.W.Va. 2005) ("[T]he rights of an assignee are derivative rights taken from the assignor. The assignee cannot normally assert rights that the assignor did not have because an assignee stands in the same position as the assignor.") (applying West Virginia state law).

Given West Virginia's rules of law surrounding contract assignment, the Court finds that, for purposes of being subject to a forum-selection clause within a contract, the assignee of the contract becomes closely related to disputes surrounding the contract at the time of the assignment. The Court further determines that, at the time of assignment, it becomes foreseeable to an assignee that, standing in the shoes of the assignor, he will later be subject to the contract's forum-selection clause just as the assignor would have been.

Successorship doctrine, though not the grounds on which the Court finds that the exercise of personal jurisdiction is proper in this case, is informative in this inquiry. The Second Circuit

examined the issue of forum-selection clauses specifically as they apply to successors in interest to contracts. *See Aguas Lenders Recovery Group v. Suez, S.A.*, 585 F.3d 696 (2d Cir. 2009). In *Aguas*, the Second Circuit ruled, "[A] forum selection clause is integral to the obligations of the overall contract, and a successor in interest should no more be able to evade it than any other obligation under the contract." 585 F.3d at 701 (also noting that successors to contracts should be prevented "from using evasive, formalistic means lacking economic substance to escape contractual obligations.").

In the Asset Purchase Agreement, Defendant explicitly assumed "the obligation to pay that certain promissory note dated April 7, 2015 by [Haverhill] payable to the order of [Plaintiff]." ECF No. 1-2. Though the parties disagree as to whether the Asset Purchase Agreement legally made Defendant the corporate successor to Haverhill, this explicit language at the very least constitutes an assignment.

At the time of the assignment of the Note, the laws of West Virginia put both assignor (Haverhill) and assignee (Defendant) on notice that the assignment would put Defendant in the shoes of Haverhill for all future contract disputes regarding the Note. The Note's terms unambiguously included a valid choice of law provision and, too, a valid forum-selection provision. At the time of the assignment, then, Defendant became closely related to the Note because it was assuming its obligations, and it became foreseeable that Defendant would be subject to the Note's forum-selection clause as it was unambiguously stated in the instrument. As both *Caperton* requirements of enforceability are met, the Court finds that it is proper to enforce the forum-selection clause in the Note against Defendant and thereby exercise personal jurisdiction over Defendant at this time.

## VII. Validity of Contract Argument

Defendant argues that none of the above is relevant because the contract itself is invalid due to Haverhill's attempt to assign the Note. ECF No. 13. Defendant points to Clause 11 of the Note, which states: "[Haverhill] may not assign any of its rights under this note . . . If a purported assignment or purported delegation is made in violation of this [note] it is void." ECF No. 1-1. Plaintiff argues, on the other hand, that the Note's anti-assignment clause was for Plaintiff's benefit and that therefore Plaintiff had the power to properly waive the assignment restrictions. ECF No. 17. Plaintiff further alleges that it did actually waive the anti-assignment provisions of the Note at the time Haverhill assigned to Defendant. ECF No. 17. As such, there is a dispute between the parties as to whether the Note is presently enforceable.

Again, to survive a motion to dismiss at this preliminary stage of litigation, Plaintiff need only make a prima facie showing of personal jurisdiction. *Bowers*, 501 S.E.2d at 485. Under this standard, the Court is required to "view the allegations in the light most favorable to the plaintiff, drawing all inferences in favor of jurisdiction." *State ex. rel. Bell Atlantic-W.Va., Inc. v. Ranson*, 497 S.E.2d 755, 768 (W.Va. 1997). The Court also notes that, where a forum-selection clause is involved, that forum-selection clause standing alone "may be prima facie evidence that personal jurisdiction is proper." O'Connell & Karen L. Stevenson, *supra*, at 9-47.

Applying this standard, the Court resolves the parties' dispute over the enforceability of the Note's assignment in favor of jurisdiction over Defendant. Defendant, of course, will be permitted to re-assert its argument regarding the validity of the assignment of the Note at later stages of this litigation in its substantive arguments against enforceability. For purposes of determining personal jurisdiction at this early stage, however, the Court finds that it may properly exercise personal jurisdiction over Defendant.

## VIII. Asset Purchase Agreement's Forum-Selection Clause

In addition to resisting personal jurisdiction in this Court, Defendant argues that the forum-selection clause contained in the Asset Purchase Agreement executed between Defendant and Haverhill requires Plaintiff's claims to be brought in Harris County, Texas. ECF No. 13. To the extent that a party resists jurisdiction in one court based on a forum-selection clause calling for litigation to be brought in another, West Virginia has adopted a four-part test "for determining whether a claim should be dismissed based upon a forum-selection clause." *Caperton*, 690 S.E.3d at 336. The four factors are: (1) "whether the clause was reasonably communicated to the party resisting enforcement;" (2) "classification of the clause as mandatory or permissive;" (3) "whether the claims and parties involved are subject to the forum-selection clause;" and (4) "whether the resisting party has rebutted the presumption of enforceability by making a sufficiently strong showing that enforcement would be unreasonable and unjust . . ." *Id*.

In consideration of these factors, the Court finds that Plaintiff's present claim should not be dismissed based upon the Asset Purchase Agreement's forum-selection clause. First, the Asset Purchase Agreement was executed between Defendant and Haverhill. ECF No. 1-2. There is no evidence to suggest that the Asset Purchase Agreement's forum-selection clause was reasonably communicated to Plaintiff. The first factor, then, weighs against enforcement.

In consideration of the second *Caperton* factor, the Court does find that the Asset Purchase Agreement's forum-selection clause is mandatory. The Court also finds, however, that Plaintiff is in no way subject to the Asset Purchase Agreement's forum-selection clause. While it is true that a party need not be a signatory to a contract to have that contract's forum-selection clause enforced against it, the party resisting that enforcement must have a close relationship to the transaction and it must have been reasonably foreseeable to that party that the forum-selection clause would be

enforced against it. *Caperton*, 690 S.E.2d at 344. In this case, there is no evidence that Plaintiff was closely related to the Asset Purchase Agreement's transaction or that it could have reasonably foreseen the Agreement's forum-selection clause being enforced against Plaintiff. Therefore, while the second *Caperton* factor weighs in favor of enforcement, the third weighs heavily against it.

Finally, the Court considers matters of reasonableness and justice in deciding whether to enforce a forum-selection clause. In this case, Plaintiff is a West Virginia company that signed into a contract to be governed by West Virginia law and litigated in the courts of West Virginia. ECF No. 1-1. Plaintiff was in no apparent way a participating party in the execution of the Asset Purchase Agreement. Defendant, on the other hand, entered into a contract with Haverhill that expressly stated that Defendant would assume "the obligation to pay that certain promissory note dated April 7, 2015 by [Haverhill] payable to the order of [Plaintiff]." ECF No. 1-2. With such specific language in the Asset Purchase Agreement, it is clear that Defendant knew of the contract between Plaintiff and Haverhill and was aware of its terms – including the terms requiring the contract to be governed by West Virginia law and litigated in West Virginia. For these reasons, considerations of reasonableness and justice also weigh against enforcement of the Asset Purchase Agreement's forum-selection clause.

In total, the *Caperton* factors weigh heavily against enforcement of the Asset Purchase Agreement's forum-selection clause against Plaintiff. The Court therefore declines to enforce that agreement's forum-selection clause against Plaintiff for purposes of the present dispute.

### IX. Conclusion

For the reasons stated herein, the Court **FINDS** that it may properly exercise personal jurisdiction over Defendant in the present matter. The Court additionally **FINDS** that it will not enforce the Asset Purchase Agreement's forum-selection clause against Plaintiff. Defendant's

Motion to Dismiss is therefore **DENIED**. ECF. No. 12. The Court **DIRECTS** Defendant to file an Answer to Plaintiff's Complaint no later than January 5, 2018.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: December 22, 2017

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE